IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAFAEL BRAVO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:22-CV-440-O |
| | § | (NO. 4:19-CR-083-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Rafael Bravo, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, including the record in the underlying criminal case, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On March 20, 2019, Movant was named in a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). CR ECF No. 12. Movant initially entered a plea of not guilty. CR ECF No. 16. He later signed a factual resume setting forth the charge, the maximum penalty, the potential statutory enhancements, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 18. On May 1, 2019, Movant entered a plea of guilty. CR ECF No. 20. At re-arraignment, Movant testified under oath that: he had discussed the charge, the matter of sentencing, and how the guidelines might apply in his case with his attorney; he understood that the Court would not be bound by any stipulations and that his sentence could be above, below, or within the guideline range; he understood the essential elements of the offense;

he was satisfied with the representation of his counsel; no one had made any promise or assurance or used any force or threat to induce him to plead guilty; he could not withdraw his plea if the sentence were more severe than he expected; and, he understood and signed the factual resume and the facts stated therein were true and correct. CR ECF No. 63.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 27, ¶ 30. He received a two-level reduction for acceptance of responsibility. *Id.* ¶ 37. Based on a total offense level of 36 and a criminal history category of IV, his guideline imprisonment range was 262 to 327 months; however, the statutory maximum sentence was ten years, so the guideline imprisonment term became 120 months. *Id.* ¶ 85. Movant filed objections, in particular to application of the cross-reference, CR ECF No. 31, and the probation officer prepared an addendum to the PSR rejecting the objections. CR ECF No. 33.

Movant was sentenced to a term of imprisonment of 120 months. CR ECF No. 52. He appealed. CR ECF No. 54. His sentence was affirmed. *United States v. Bravo*, 852 F. App'x 790 (5th Cir. 2021).

## II. GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion. First, he says that he received ineffective assistance of counsel because his attorney advised him to accept a plea offer and plea agreement designating him to be accountable for 2,978 grams of methamphetamine when counsel failed to object that Movant was not in immediate possession of that quantity of methamphetamine. ECF No. 1 at 6.[1] Second, describing the ground as "indecorous compliance with procedural rules,"

---

[1] The reference is to "Page __ of 27" assigned by the Court's electronic filing system as reflected at the top right portion of the document. The printed page numbers on the form used by Movant are out of order.

2

Movant appears to challenge the guideline calculation. *Id.* at 5. And, third, saying that he was denied his rights to Equal Protection and Due Process, Movant appears to lodge a further objection to the guideline calculation. *Id.* at 7. The attached memorandum addresses only the ineffective assistance of counsel claim. *Id.* at 14–21.

### III.     APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

Movant's first ground is rather confusing in that he did not plead guilty pursuant to a plea agreement with the government. Nor did his factual resume contain any reference to, much less designation of accountability for, any amount of methamphetamine. CR ECF No. 18. And, Movant's declaration (titled an "affidavit"), in which he avers that John Stickels talked him into

pleading guilty by assuring him of a particular guideline range and three-level reduction for acceptance of responsibility, is false. ECF No. 1 at 22–23. Movant was represented by James Glenn Graham at the time he entered his plea of guilty. CR ECF No. 20; CR ECF No. 63. Graham did not withdraw until after the PSR had been prepared and he had filed objections to the cross-reference to the drug guidelines used in the PSR. CR ECF No. 31; CR ECF Nos. 42, 43. At sentencing, Stickels persisted in the objections Movant lodged to the PSR. CR ECF No. 62 at 2–3. Stickels argued that the case was a felon in possession of a firearm that had unfairly morphed into a methamphetamine case based on statements of a codefendant trying to save himself. *Id.* at 4. When given his opportunity to speak at sentencing, Movant simply apologized, acknowledging that the "crimes" he had committed had consequences. *Id.* at 4–5. On appeal, Movant challenged the application of 2K2.1 cross-reference to the drug offense guideline and the United States Court of Appeals for the Fifth Circuit found that the issue had been properly preserved. *Bravo*, 852 F. App'x at 794.

  Even if Movant erroneously named Stickels when he meant Graham, the ground is wholly without merit. The record reflects that Movant's plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The factual resume Movant signed is accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, movant testified under oath that his plea was not coerced, that he had discussed the sentencing guidelines with counsel and understood that his sentence would be wholly within the Court's discretion, and that he was satisfied with counsel. More importantly, he stated under oath that the stipulated facts set forth in the factual resume were true. CR ECF No. 63. His solemn declarations in open court are entitled to a presumption of verity.

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His testimony and the clear terms of the factual resume refute the allegations that he received ineffective assistance as alleged. He has not produced any independent indicia of the likely merit of his allegations. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (to rebut the presumption, a movant must show (1) the exact terms of an alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise).

Even had Movant been able to show that his counsel's conduct fell below the *Strickland* standard, he must also show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To do so, he must rely on more than his own *post hoc* assertions. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Here, Movant does not identify any contemporaneous evidence supporting his allegation that but for the advice of counsel he would have insisted on going to trial. As the government notes, Movant never sought to withdraw his plea and the evidence against him was overwhelming. ECF No. 7 at 10–11. These factors tend to show that Movant never desired a trial. *See United States v. Rafiq*, No. 20-11168, 2022 WL 2387348, at *3 (5th Cir. July 1, 2022).

In his second and third grounds, Movant appears to be challenging the Court's application of the sentencing guidelines. ECF No. 1 at 5, 7. First, issues raised and disposed of in a previous appeal cannot be pursued by § 2255 motion. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Second, a challenge to the application of the sentencing guidelines is not cognizable on collateral review. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

To the extent that Movant is now seeking to raise a new claim based on denial of Due Process and Equal Protection, his allegations are conclusory and fail to state a basis for relief.

*United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Gutierrez v. United States*, No. 4:19-CV-054-O, 2021 WL 63346, at *3 (N.D. Tex. Jan. 7, 2021). In any event, the new claim is procedurally defaulted and movant had not shown cause and actual prejudice to be able to present it here. *Shaid*, 937 F.2d at 231–32. *See also United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022) (claims must be dismissed where movant fails to allege cause and prejudice or actual innocence to overcome procedural default).

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 17th day of November, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**